JODI C. HOHMAN,

      Plaintiff,               CIVIL ACTION NO. 16-cv-13282

      v.                      DISTRICT JUDGE VICTORIA A. ROBERTS

INTERNAL REVENUE SERVICE      MAGISTRATE JUDGE MONA K. MAJZOUB
and DEPARTMENT OF THE
TREASURY,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jodi C. Hohman filed the instant Complaint for Injunctive Relief against Defendants, the Internal Revenue Service (IRS) and the United States Department of the Treasury, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, on September 12, 2016. (Docket no. 1.) Before the Court is a Motion for Summary Judgment filed by Defendant IRS and the Treasury Inspector General for Tax Administration (TIGTA). (Docket no. 15.) Plaintiff filed an Answer to the Motion (docket no. 16), to which TIGTA replied (docket no. 21). The Motion has been referred to the undersigned for consideration. (Docket no. 19.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.    RECOMMENDATION

For the reasons that follow, it is recommended that TIGTA be substituted for the Department of the Treasury as the proper defendant in this action. Should the court accept this

recommendation, it is further recommended that the Motion for Summary Judgment filed by Defendant IRS and TIGTA (docket no. 15) be **GRANTED IN PART** and **DENIED IN PART** as follows:

A.    Plaintiff's FOIA claim against Defendant IRS should be dismissed as moot, and Defendant IRS's Motion for Summary Judgment should therefore be DENIED in this regard.  If and when this recommendation is adopted, it is also recommended that Plaintiff be permitted to file a motion for attorney's fees and costs against Defendant IRS pursuant to 5 U.S.C. 552(a)(4), if she so chooses;

B.    TIGTA's Motion for Summary Judgment on Plaintiff's FOIA claim should be GRANTED with regard to the issue of whether the information was properly exempted from disclosure under Exemption 7(C);

C.    TIGTA's Motion for Summary Judgment on Plaintiff's FOIA claim should be DENIED without prejudice on segregability grounds, and TIGTA should be directed to produce a Vaughn index that describes each of the documents withheld and the reasons why those documents are non-segregable in sufficient detail to allow the court to make an independent assessment of its claims of non-segregability; and

D.    Defendant IRS and TIGTA's Motion for Summary Judgment on Plaintiff's Privacy Act claims should be GRANTED, and Plaintiff's Privacy Act claims should be dismissed.

## II.  REPORT

### A.  Background

On April 20, 2016, Plaintiff and three others, JHohman, LLC, You Got Busted by Me, LLC, and Terry Miller, filed a class action lawsuit against the United States of America, the Department of the Treasury, the IRS, two named individual IRS employees, and John or Jane Doe government employees, alleging that the defendants, in conducting audits of the plaintiffs' tax returns, violated the Right to Financial Privacy Act, 12 U.S.C. § 3401, *et seq.*, the Privacy Act of 1974, 5 U.S.C. § 552a, the United States Constitution, and other federal statutes by issuing "John Doe summonses" to various financial institutions for the plaintiffs' financial records without first obtaining approval from a United States District Court.  *Hohman v. Eadie*, Case no. 2:16-cv-11429-MFL-RSW, ECF no. 1 (E.D. Mich. 2016); *see also* docket no. 9.  While the lawsuit was pending,[1] Plaintiff, through two of the attorneys representing her in that suit, submitted two requests to the government – one to the IRS and one to TIGTA – seeking information arguably related to her claims.  Plaintiff's requests and the IRS and TIGTA's responses thereto are the subject of the instant lawsuit.

Plaintiff's counsel sent the request to Defendant IRS on May 18, 2016, pursuant to FOIA and the Privacy Act, requesting "copies of all documents relating to the audit and/or assessment tax for the 2005 through 2014 income tax years of [Plaintiff]."  (Docket no. 15-4 at 8-9.)  He sent another request to Defendant IRS on July 20, 2016, requesting "copies of all documents and communications relating to the audit of [JHohman, LLC, JHohman2, LLC, Cannon Holdings, LLC, Pot O Gold LLC, and herself] for all years 2004 through 2015."  (*Id*. at 6-7.)  Plaintiff is purportedly the "CEO" of each of the LLCs listed.  (*Id*. at 13-20.)  In the July 2016 request,

---

[1] The lawsuit has since been dismissed and judgment has been entered in favor of the defendants, from which judgment the plaintiffs have appealed to the Sixth Circuit Court of Appeals.  *See Hohman v. Eadie*, Case no. 2:16-cv-11429-MFL-RSW, ECF nos. 27, 45-47.

counsel indicated that he had not yet received a response to the May 2016 request, and he asked that Defendant IRS either provide a response and/or consider the May 2016 request as part of the July 2016 request.  (*Id*. at 6.)  According to Plaintiff, Defendant IRS denied the requests on August 23, 2016, which denial stated that if Plaintiff did not agree to an extension of time for release of the records, she could sue for the records after September 7, 2016.  (Docket no. 1 ¶ 5.) Plaintiff did not agree to an extension of time, and she filed the instant Complaint on September 12, 2016.  (*Id*.)

Plaintiff's June 7, 2016 FOIA request to TIGTA asks the Treasury Inspector General to produce "copies of all documents and records comprising, or related to Jodi Hohman's *entire* TIGTA file – Case No(s):  66-1601-0026-I . . . and 66-1601-0027-I . . . , Investigation No. 55-1512-0010-C."  (Docket no. 15-6 at 5-11 (emphasis in original).)  TIGTA responded to Plaintiff's FOIA request by letter dated July 6, 2016, through which it informed Plaintiff that it located a total of fifty-three (53) pages of documents related to her Complaint no. 55-1512-0010-C, of which it was releasing thirty-six (36) pages in full and seventeen (17) pages in part.  (*Id*. at 12-14.)  TIGTA also asserted that to the extent Plaintiff was seeking documents pertaining to a third party, "there is no public interest that outweighs the privacy interests established and protected by the FOIA," and it therefore withheld from production two files in their entirety pertaining to TIGTA's investigations of the two IRS employees who allegedly issued the aforementioned "John Doe summonses" (Investigation nos. 66-1601-0026-I and 66-1601-0027-I).  (*Id*. at 14; docket no. 15-7 at 2, 4.)  As justification for withholding the aforementioned information, TIGTA cited FOIA Exemptions 6 and 7(C), the personal privacy and law enforcement exemptions.  (Docket no. 15-6 at 13-14 (citing 5 U.S.C. § 552(b)(6) and (b)(7)(C)).) Plaintiff's subsequent administrative appeal of TIGTA's decision was denied on August 5, 2016.

(Docket no. 1 ¶ 2; docket no. 15-7 at 25-28). Plaintiff's instant Complaint includes a claim for production of the information withheld by TIGTA. (*See* docket no. 1.)

### B. Governing Law

Defendant IRS and TIGTA move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 15.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole

presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.    Analysis**

*1.    TIGTA Should be Substituted as a Proper Defendant in This Matter*

As a preliminary matter, it is necessary to address the seemingly undisputed, yet unresolved, issue regarding whether the Department of the Treasury or TIGTA is the proper defendant in this matter.  In their Answer to Plaintiff's Complaint, Defendants averred that TIGTA and the IRS are the proper party defendants, and TIGTA, who is apparently represented by the same counsel as Defendants, proceeded in the Answer to admit and deny certain allegations of the Complaint.  (Docket no. 5 at 2-3.)  Despite having this notice, Plaintiff has not moved to amend the Complaint to name TIGTA as a defendant in the place of the Department of the Treasury; nor has defense counsel moved to substitute TIGTA for the Department of the Treasury.  Nevertheless, defense counsel unilaterally began to list TIGTA as a defendant in place of the Department of the Treasury in the case caption of Defendants' filings in this matter, and it is TIGTA, not the Department of the Treasury, who has since defended against this action.  (*See* docket nos. 11, 15, 21.)  Moreover, in her Answer to Defendant IRS and TIGTA's Motion for Summary Judgment, Plaintiff has seemingly conceded that TIGTA is the proper defendant in this matter by following defense counsel's lead in listing TIGTA (and not the Department of the Treasury) as a defendant in the case caption and by referring to TIGTA as a defendant in the text of her Argument.  Accordingly, to resolve this technicality and enable a ruling on Defendant IRS and TIGTA's Motion for Summary Judgment, the court should substitute TIGTA for the Department of the Treasury as the proper defendant in this action.

2.      *FOIA Standard*

Under the Freedom of Information Act, federal agencies are generally required to promptly make available records to any person upon request, where those records are reasonably described.  5 U.S.C. § 552(a)(3); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 543 (6th Cir. 2001).  FOIA's "general philosophy of full agency disclosure" is not absolute; it is subject to nine statutory exemptions, which are enumerated in 5 U.S.C. 552(b) and are to be narrowly construed.  *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976).  The Supreme Court has recognized, however, that "the statutory exemptions are intended to have meaningful reach and application."  *John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 152 (1989).

As noted above, the exemptions relevant to this matter are delineated in subsections (b)(6) and (b)(7)(C), which provide that FOIA's disclosure requirements do not apply to:

> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy.

5 U.S.C. § 552(b).  "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought may be withheld due to an exemption."  *Vaughn v. United States*, 936 F.2d 862, 866 (6th Cir. 1991).

When reviewing an agency's consideration of a FOIA request, courts apply a *de novo* review.  5 U.S.C. § 552(a)(4)(B).  The Sixth Circuit has provided further guidance in this regard:

> Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery. *Jones v. FBI,* 41 F.3d 238, 242 (6th Cir.1994). This posture creates a situation in which a plaintiff must argue that the agency's withholdings exceed the scope of the statute, although only the

agency is in a position to know whether it has complied with the FOIA unless the court reviews a potentially massive number of documents *in camera. Id.* One means developed to address this situation is the use of a "Vaughn index," a routine device through which the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure under the Act. *Id.* at 241-42; *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973). Ordinarily, the agency may justify its claims of exemption through detailed affidavits, which are entitled to a presumption of good faith. *Jones,* 41 F.3d at 242 (citing *United States Dep't of State v. Ray,* 502 U.S. 164, 179, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)). Evidence of bad faith on the part of the agency can overcome this presumption, even when the bad faith concerns the underlying activities that generated the FOIA request rather than the agency's conduct in the FOIA action itself. *Id.* at 242-43. Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence. *Ingle,* 698 F.2d at 265 (quoting *Cox v. United States Dep't of Justice,* 576 F.2d 1302, 1312 (8th Cir.1978)); *Silets v. United States Dep't of Justice,* 945 F.2d 227, 231 (7th Cir.1991) (citing *Kimberlin v. Department of Treasury,* 774 F.2d 204 (7th Cir.1985)). "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position." *Ingle,* 698 F.2d at 265 (quoting *Cox,* 576 F.2d at 1312).

*Rugiero*, 257 F.3d at 544.

### 3. *Plaintiff's FOIA Claim against Defendant IRS*

Defendant IRS moves for summary judgment on Plaintiff's FOIA claim on the grounds that it has "(1) performed an adequate search for records responsive to Plaintiff's FOIA request; and (2) properly withheld only those records, or portions of records that are exempt from disclosure under 5 U.S.C. § 552(b)." (Docket no. 15 at 7.) In response to Defendant IRS's Motion, Plaintiff stated the following:

Plaintiff agrees that the Internal Revenue Service did, after this suit was filed, produce all the records requested that should have been produced, and therefore Plaintiff states that the IRS may be dismissed from this case except that Plaintiff will seek attorneys fees against the IRS for having to bring this lawsuit after the Court decides this motion. Therefore, other than the issue of attorneys fees, the proceedings against the IRS is [sic] over.

(Docket no. 16 at 5.) Once a federal agency turns over everything in its possession responsive to a plaintiff's FOIA request, the merits of the plaintiff's claim for relief, in the form of production of information, becomes moot. *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998) (citations omitted). "Nevertheless, [the] plaintiff[] may still seek attorney fees, because the issue of attorney fees is 'ancillary to the underlying action and survives independently under the court's equitable jurisdiction.'" *Roman v. United States Dep't of State*, No. 1:15-cv-887, 2017 WL 1380039, at *5 (W.D. Mich. Mar. 27, 2017) (quoting *GMRI*, 149 F.3d at 451), *report and recommendation adopted*, No. 1:15-cv-887, 2017 WL 1366504 (W.D. Mich. Apr. 14, 2017). Accordingly, Plaintiff's claim against the IRS for the production of documents and other information should be dismissed as moot, and Defendant IRS's Motion for Summary Judgment should be denied, because the Court does not and need not reach the merits of the Motion. If and when this recommendation is adopted, it is further recommended that Plaintiff be permitted to file a motion for attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4), if she so chooses.

### 4. *Plaintiff's FOIA Claim against TIGTA*

TIGTA moves for summary judgment on the same bases as Defendant IRS – that it: "(1) performed an adequate search for records responsive to Plaintiff's FOIA request; and (2) properly withheld only those records, or portions of records that are exempt from disclosure under 5 U.S.C. § 552(b)." (Docket no. 15 at 7.) Plaintiff does not challenge TIGTA's assertion that it performed an adequate search (*see* docket no. 16); thus, the only issue is whether TIGTA's withholding from disclosure portions of documents related to Plaintiff's Complaint no. 55-1512-0010-C and the two investigation files pertaining to TIGTA's investigations of the two IRS employees was proper under FOIA's personal privacy and law enforcement exemptions, Exemptions 6 and 7(C), respectively. Plaintiff argues that TIGTA's withholding of the

aforementioned information is improper because the (1) affidavits submitted by TIGTA in support of its Motion for Summary Judgment do not adequately demonstrate that the exemptions apply; (2) the public interest in the information supersedes the privacy interests of the IRS employees; and (3) TIGTA's affidavits do not show that TIGTA appropriately segregated (or attempted to segregate) the exempt information from the non-exempt information in the files. (Docket no. 16.) In reply, TIGTA argues that (1) TIGTA is a law enforcement agency, and the information was compiled for law enforcement purposes; (2) the privacy interests of the IRS employees outweigh the public interest in disclosure; and (3) the records withheld are not segregable. (Docket no. 21.)

TIGTA submitted the Declaration of Elissa M. Sissman, an attorney with TIGTA's Office of Chief Counsel, in support of its Motion for Summary Judgment. (Docket no. 15-7.) In the declaration, Ms. Sissman explains that "[a]ll of the information responsive to plaintiff's FOIA request consists of a complaint file pertaining to plaintiff's allegations regarding two individuals other than plaintiff and the two investigation files pertaining to TIGTA's investigations of two individuals other than plaintiff," which three files "pertain in their entirety to allegations of wrongdoing by two low-level IRS employees." (*Id.* ¶ 11.) Specifically, with respect to the information redacted from seventeen of the fifty-three pages of documents related to Plaintiff's Complaint no. 55-1512-0010-C, Ms. Sissman further explains that that information consists of the "names, addresses, dates of birth and taxpayer identification numbers of the individuals investigated by TIGTA, as well as other information pertaining to TIGTA's investigations of these individuals." (*Id.* ¶ 10.)

Ms. Sissman then states that TIGTA has determined that all three files are "similar files" for purposes of applying the personal privacy exemption under subsection (b)(6). (Docket no.

15-7 ¶ 11.)  She also advises that all of the information contained in the files was received, collected, generated, or compiled by TIGTA in connection with its investigations of the two IRS employees for potential criminal wrongdoing and/or administrative misconduct.  (*Id*. ¶¶ 13.) Therefore, she declares, TIGTA has determined that the information was compiled for law enforcement purposes, as is necessary to claim the law enforcement exemption in subsection (b)(7).  (*Id*.)

According to Ms. Sissman, TIGTA has further determined that the IRS employees who are the subject of the investigations have a strong and substantial privacy interest in the information generated or obtained by TIGTA during the course of the investigations.  (Docket no. 15-7 ¶¶ 12, 14.)  She informs that TIGTA has determined that the privacy interests of the two low-level IRS employees outweigh any public interest in the information because disclosure of the information would shed little, if any, light on TIGTA's performance of its official functions. (*Id*.)  Ms. Sissman declares that "[n]one of the withheld information may be disclosed without revealing the nature of the allegations that TIGTA determined to investigate and the specific evidence obtained by TIGTA that could potentially support these allegations."  (*Id*.) Consequently, she says, TIGTA has determined that the information cannot be segregated for partial release.  (*Id*.)

FOIA Exemption 6 allows a federal agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;" Exemption 7(C) allows a federal agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6) and (7)(C).  The Supreme

Court has recognized that "Exemption 7(C) is more protective of privacy than Exemption 6: The former provision applies to any disclosure that 'could reasonably be expected to constitute' an invasion of privacy that is 'unwarranted,' while the latter bars any disclosure that 'would constitute' an invasion of privacy that is 'clearly unwarranted.'" *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 n.6 (1994). Accordingly, if the information withheld by TIGTA was "compiled for law enforcement purposes" and Exemption 7(C)'s lower bar for withholding material applies, the court can resolve this issue without conducting a separate Exemption 6 analysis. *See Rimmer v. Holder*, No. 3:10-1106, 2011 WL 4431828, at *5 (M.D. Tenn. Sept. 22, 2011), *aff'd*, 700 F.3d 246, 256 (6th Cir. 2012). For this reason, the undersigned will first analyze the propriety of TIGTA's withholding under Exemption 7(C).

The initial inquiry in an Exemption 7(C) analysis is whether the records or information withheld was "compiled for law enforcement purposes." Plaintiff relies on a case from the United States District Court for the District of Columbia, *Goldstein v. Treasury Inspector General for Tax Administration*, 172 F. Supp. 3d 221 (D.D.C. 2016), in arguing that Ms. Sissman's declaration does not sufficiently demonstrate that TIGTA compiled the information for law enforcement purposes. (Docket no. 16 at 16.) She also argues that it does not appear that TIGTA's investigation was conducted for law enforcement purposes because the IRS employees were not fired as a result. (*Id.*) As TIGTA points out, however, the fate of the IRS employees' employment with the IRS is immaterial to whether the information was compiled or the investigation was conducted for law enforcement purposes; logically, the end results of an investigation are not determinative of the initial purpose of an investigation. (*See* docket no. 21 at 5, 6 (citing docket no. 21-1 ¶¶ 3, 4, 8).) Moreover, Plaintiff's reliance on *Goldstein* is misplaced, and the content of Ms. Sissman's declaration is immaterial in this regard, as the Sixth

Circuit has adopted a *per se* rule under which any information compiled by a law enforcement agency constitutes "information compiled for law enforcement purposes" under the first part of Exemption 7(C). *Rugiero*, 257 F.3d at 550. It is well settled that TIGTA is a federal law enforcement agency charged with the oversight of the IRS's administration of federal tax law and that it is responsible for investigating and seeking prosecution of IRS employees who violate that law. *United States v. Smith*, 235 F. Supp. 2d 418, 422 (E.D. Pa. 2002); *Williams v. C.I.R.*, No. 08-522-JJB-CN, 2010 WL 5058505, at *2 (M.D. La. Dec. 6, 2010) (finding, therefore, that records compiled by TIGTA were compiled for law enforcement purposes under Exemption 7(C)), *aff'd*, 449 F. App'x 327 (5th Cir. 2011); *Stanley v. U.S. Dep't of Treasury*, No. 2:06-CV-072, 2007 WL 2025212, at *3 (N.D. Ind. July 9, 2007); *see also Ortiz v. U.S. Dep't of Health & Human Servs.*, 70 F.3d 729, 732–33 (2d Cir. 1995) ("An Inspector General of a federal government agency engages in law enforcement activities within the meaning of FOIA."). Accordingly, the information compiled and withheld by TIGTA in this matter was compiled for law enforcement purposes under Exemption 7(C).

The inquiry that follows then is whether the disclosure of the information withheld by TIGTA "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To make this determination, "a court must 'balance the privacy interest' in withholding the redacted information with the 'public interest in [its] release.'" *Rimmer v. Holder*, 700 F.3d 246, 256 (6th Cir. 2012) (quoting *U.S. Dep't of Justice v. Reporters Committee for Freedom of Press,* 489 U.S. 749, 762 (1989)). *See also Kiraly v. F.B.I.*, 728 F.2d 273, 277 (6th Cir. 1984) ("The first inquiry is whether public access to the information sought constitutes an invasion of privacy. If there is such an invasion, the question becomes whether the invasion is justified by any countervailing public benefit from its disclosure.").

In this case, the information withheld by TIGTA consists of the entire investigation files of two IRS employees investigated for criminal wrongdoing and/or administrative misconduct and redactions from seventeen pages in Plaintiff's complaint file of "names, addresses, dates of birth and taxpayer identification numbers of the individuals investigated by TIGTA, as well as other information pertaining to TIGTA's investigations of these individuals."  (Docket no. 15-7 ¶¶ 10, 11, 13.)  With respect to the privacy interests of the IRS employees, the Sixth Circuit, "along with many others, has recognized that 'people who were investigated for suspected criminal activity or who were otherwise mentioned therein ... could [be] subject[ed] ... to embarrassment, harassment and even physical danger.'"  *Rimmer*, 700 F.3d at 257 (quoting *Kiraly,* 728 F.2d at 277 (internal quotation marks omitted) and citing *Fitzgibbon v. CIA,* 911 F.2d 755, 767 (D.C. Cir. 1990) and *Librach v. FBI,* 587 F.2d 372, 373 (8th Cir. 1978)). "This privacy interest exists not only for those who are suspects in an investigation, but also for third parties mentioned in the documents, such as witnesses, informants, and investigators."  *Id.* (citations omitted).  *See also Hunt v. F.B.I.*, 972 F.2d 286, 288 (9th Cir. 1992) (citing *Rose*, 425 U.S. at 376-77) ("A government employee generally has a privacy interest in any file that reports on an investigation that could lead to the employee's discipline or censure."); *Salas v. Office of Inspector Gen.*, 577 F. Supp. 2d 105, 111 (D.D.C. 2008) (citing *Reporters Comm. for Freedom of the Press,* 489 U.S. at 773-75 and *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n,* 926 F.2d 1197, 1205-06 (D.C. Cir. 1991)) ("Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure.").  Under this precedent, public access to the information withheld by TIGTA could reasonably be expected to constitute an invasion of the IRS employees' privacy.

At this juncture, the burden shifts to Plaintiff to show that there is a "significant countervailing public benefit" in releasing the information that outweighs the privacy concerns of the IRS employees. *Rimmer*, 700 F.3d at 257. The Supreme Court has provided the following guidance in this regard:

> Where the privacy concerns addressed by Exemption 7(C) are present, the exemption requires the person requesting the information to establish a sufficient reason for the disclosure. First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted.

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). Whether an interest is legitimately "public" depends on the relationship of the information requested to the primary purpose of FOIA, which is "to open agency action to the light of public scrutiny." *Rimmer*, 700 F.3d at 257 (quoting *Reporters Comm.,* 489 U.S. at 772). "In other words, there must be a significant public interest in shedding light on the actions of the agency from which documents are being sought." *Id.*

Plaintiff asserts that there are two public interests in the release of the information: (1) an interest in knowing whether the IRS and its employees are involved in issuing illegal summonses; and (2) an interest in knowing what TIGTA is doing about it, i.e., whether "TIGTA is doing its job in investigating these illegal actions, instead of covering them up and sweeping them under the rug." (Docket no. 16 at 8-9.) Plaintiff expounds that "[t]here is a great public interest in learning just what the IRS is doing about these two employees." (*Id*. at 11.) She further asserts that "[w]hen there is knowing conduct by government employees that violate the law, the public should have to [sic] right to see what is the result of the investigation about that

misfeasance." (*Id*. at 12.)  Plaintiff argues that these public interests outweigh the privacy concerns of the IRS employees and that TIGTA has failed to demonstrate otherwise.  (*Id*. at 6.)

Conversely, TIGTA argues that Plaintiff has not shown that there is an exceptional public interest in releasing the information she seeks.  (Docket no. 21 at 8.)  TIGTA also argues that Plaintiff has not shown how the release of the information is likely to advance the public interest in how TIGTA conducts its investigations, "given the extremely small and personal scope of her request." (*Id*.)  Instead, TIGTA claims, the only interest that would be advanced by the release of the information is Plaintiff's own interest in furthering her claims in the other lawsuit that she filed in this court.  (*Id*. at 8-9.)  TIGTA further argues that in cases like this, where the requester seeks investigatory files related to one or two low-level government employees, the release of the information "will not shed light on whether TIGTA investigations are comprehensive or whether the improper issuance of summonses by IRS employees is common." (*Id*. at 10.)

Before the Court can balance the privacy and public interests in this matter, it must first address Plaintiff's argument that TIGTA has failed to demonstrate that the privacy concerns of the IRS employees outweigh the public interest, because her argument is based on the premise that TIGTA's affidavits do not contain sufficient information on which the court can rely to conduct its balancing test.  (Docket no. 16 at 6.)  To make this argument, Plaintiff relies on a recent decision entered by the United States District Court for the District of Columbia, *Center for Public Integrity v. U.S. Department of Energy*, 234 F. Supp. 3d 65 (D.D.C. 2017), in which the court explained that:

> the public interest varies depending on the individual government employee involved in the wrongdoing and therefore the agency must make an individualized assessment of the public interest as to each employee. Second, that individualized assessment is fact-bound. The factors that courts must consider in weighing the public interest include: (1) the seniority of the employee; (2) the employee's

> relative degree of culpability; (3) the seriousness of the misconduct; and (4) the
> level of public awareness of the employee's identity and her actions.

*Ctr. for Pub. Integrity*, 234 F. Supp. 3d at 80.  Plaintiff argues that TIGTA's affidavits are

conclusory and do not contain any information related to the factors listed above, and therefore,

"[t]here are no facts that would enable this Court to decide whether the privacy issues of the two

employees outweigh the public interest."  (Docket no. 16 at 6, 11-12, 14.)  Indeed, as Plaintiff

points out, Ms. Sissman's declaration states only that the IRS employees are "low-level"

employees who were investigated for "potential criminal wrongdoing and/or administrative

misconduct."  (Docket no. 15-7 ¶ 12.)  But the court may consider more than just TIGTA's

affidavits in ruling upon the instant Motion for Summary Judgment (*see* Fed. R. Civ. P. 56), and

the undersigned finds that the information included in Plaintiff's Answer to the Motion and the

affidavits of the IRS employees attached thereto, along with TIGTA's affidavits, contain

sufficient information on which the court can balance the privacy and public interests in this

matter.  Accordingly, Plaintiff's argument in this regard is unavailing.

As noted above, courts consider several factors in balancing a government employee's

privacy interests against the public interest in disclosure, such as "(1) the seniority of the

employee; (2) the employee's relative degree of culpability; (3) the seriousness of the

misconduct; and (4) the level of public awareness of the employee's identity and her actions."

*Ctr. for Pub. Integrity*, 234 F. Supp. 3d at 80.  *See also Perlman v. U.S. Dep't of Justice*, 312

F.3d 100, 107 (2d Cir. 2002) (balancing "(1) the government employee's rank; (2) the degree of

wrongdoing and strength of evidence against the employee; (3) whether there are other ways to

obtain the information; (4) whether the information sought sheds light on a government activity;

and (5) whether the information sought is related to job function or is of a personal nature");

*Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949 (D.C. Cir. 1998) ("rank of the public official involved and the seriousness of the misconduct alleged").

Here, the declarations of the IRS employees submitted by Plaintiff reveal that one of the IRS employees was employed as a Revenue Agent and is the person who issued the John Doe summonses. (Docket no. 16-3 at 3-5.) The other IRS employee was a Group Manager and is the person who signed and authorized the issuance of the John Doe summonses. (*Id*. at 2.) Plaintiff challenges the IRS's assertion that these are low-level employees on the bases that a Group Manager supervises a group of Revenue Agents, and "[t]here are likely less than ten Group Managers in Michigan." (Docket no. 16 at 7, 14.) Plaintiff, however, discredits and disproves her own argument when she cites to Section 25.5.7.4.1 of the Internal Revenue Manual, which provides that "a John Doe summons can only be issued by high ranking executives who are specifically authorized to do so in Delegation Order No. 25-1. Special agents, revenue agents, and revenue officers are not authorized to issue these summonses." (*Id*. at 10-11 (citing IRM 25.5.7.4.1).) The Court takes judicial notice of Delegation Order No. 25-1, a review of which reveals that Group Managers are also not authorized to issue John Doe summonses.[2] The evidence demonstrates that IRS policy and procedure does not designate either of the IRS employees in this matter as high-ranking employees. Accordingly, Ms. Sissman appropriately labeled the two IRS employees at issue as "low-level" employees, whose low rank weighs in favor of non-disclosure.

The next points of examination are the degree of wrongdoing committed by the employees and the seriousness of the misconduct. In *Favish*, the Supreme Court held that:

---

[2] A district court is permitted to take judicial notice of public records and government documents, including those available from reliable sources on the Internet. *See United States v. BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D. Mich. 2003). The text of Delegation Order No. 25-1 was obtained from the IRS's website. *See* https://www.irs.gov/irm/part1/irm_01-002-052#idm140396070051072.

where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

*Favish*, 541 U.S. at 174. "Strong evidence of wrongdoing, combined with a serious offense, would weigh in favor of disclosure." *Perlman*, 312 F.3d at 107. Here, the IRS employees admit in their declarations that the requirements of 26 U.S.C. § 7609(f), which provides that a John Doe summons may not be issued without first obtaining judicial approval, were not followed in the issuance of John Doe summonses related to Plaintiff's financial accounts. (Docket no. 16-3 at 2, 4.) Without citing any authority, Plaintiff argues that the IRS's issuance of a John Doe summons without first obtaining judicial approval is akin to the FBI issuing search warrants without a judge's signature. (Docket no. 16 at 9-10.) The Court is not convinced. In fact, the Sixth Circuit has held that a district court may excuse the IRS's violation of section 7609's procedural requirements where the party in interest suffers no actual prejudice, *i.e.*, where the error is harmless. *Cook v. United States*, 104 F.3d 886, 889-90 (6th Cir. 1997) (citing *United States v. Ritchie,* 15 F.3d 592, 600 (6th Cir. 1994) (non-prejudicial errors in administrative procedures mandated by section 7609(f) concerning "John Doe" summonses ruled not fatal to the summons)). Moreover, a party in interest like Plaintiff has no right to a private cause of action for damages resulting from the IRS's violation of section 7609(f), as Congress did not intend § 7609(f) to be enforced by unnamed taxpayers but provided other means of enforcement through the district courts. *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522, 1530 (D. Nev. 1989) (citing *Samuels, Kramer & Co.,* 712 F.2d 1342, 1346 (9th Cir. 1983)). This precedent suggests that the IRS employees' admitted violation of the administrative procedure mandated in 26 U.S.C. § 7609(f) is not sufficiently serious to constitute a significant public interest that

outweighs the employees' privacy interests.  Nor is there any indication that the public is aware of the improperly-issued John Doe summonses related to Plaintiff's financial accounts such that it has a vested interest in knowing, or that it is waiting with anticipation to learn, the outcome of TIGTA's investigation into the alleged wrongdoing of the IRS employees.  These circumstances weigh in favor of non-disclosure.

Essentially, Plaintiff has failed to show, and cannot show based on the facts of this matter, that there is a significant public interest in shedding light on TIGTA's investigation of two low-level IRS employees involved in the improper issuance of John Doe summonses to financial institutions.  Plaintiff has also not shown how the release of this narrow scope of information is likely to advance the public's interest in how TIGTA conducts its investigations. As TIGTA argues, in cases like this, where the requester seeks investigatory files related to one or two low-level government employees, the release of the information "will not shed light on whether TIGTA investigations are comprehensive or whether the improper issuance of summonses by IRS employees is common."  (*See* docket no. 21 at 10 (citing *Hunt v. F.B.I.*, 972 F.2d 286, 289 (9th Cir. 1992) ("The single file sought by Hunt will not shed any light on whether all such FBI investigations are comprehensive or whether sexual misconduct by agents is common.") and *Beck v. Dep't of Justice*, 997 F.2d 1489, 1493 (D.C. Cir. 1993) ("The identity of one or two individual relatively low-level government wrongdoers, released in isolation, does not provide information about the agency's own conduct.").  "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose; thus the public has no cognizable interest in the release of such information."  *Beck*, 997 F.2d at 1493.  The only cognizable significant interest in the information sought is Plaintiff's personal interest as it relates to the claims in her other lawsuit.  But FOIA only recognizes the disclosure interest of the

public, not of the private litigant. *Jones v. F.B.I.*, 41 F.3d 238, 247 (6th Cir. 1994); *Brown v. F.B.I.*, 658 F.2d 71, 75 (2d Cir. 1981). Here, the public interest in the disclosure of information sought by Plaintiff from TIGTA is negligible and does not outweigh the IRS employees' privacy interests.

Having balanced the privacy interests of the IRS employees against the public interest in the disclosure of the information, the Court concludes that there is no significant countervailing public interest in releasing the information that outweighs the privacy concerns of the IRS employees. Accordingly, release of the information compiled by TIGTA for law enforcement purposes "could reasonably be expected to constitute an unwarranted invasion of personal privacy," and it was therefore properly withheld from disclosure under FOIA Exemption (7)(C). TIGTA's Motion for Summary Judgment should therefore be granted in this regard.

As a final matter, Plaintiff argues that even if the court finds that some of the information in the files is exempt from disclosure, TIGTA did not attempt to segregate exempt information in the files from non-exempt information, and it has failed to show that some of the information in the files cannot be segregated and released. (Docket no. 16 at 5, 14-16.) FOIA requires an agency to disclose "any reasonably segregable portion of a record" that is not exempt from disclosure under one of the statute's exceptions. 5 U.S.C. § 552(b). The Sixth Circuit has provided the following guidance regarding segregability:

> The agency has the burden to show that portions withheld are not segregable from the disclosed material. Under this principle of segregability, an agency cannot justify withholding an entire document simply because it contains some material exempt from disclosure. Rather, an agency must supply a relatively detailed justification and explain why materials withheld are not segregable. A district court errs by approving the withholding of an entire document without entering a finding on segregability.

*Rugiero*, 257 F.3d at 553 (citations omitted).

TIGTA, through Ms. Sissman's declaration and its reply brief in support of its Motion for Summary Judgment, declares that "[n]one of the withheld information may be disclosed without revealing the nature of the allegations that TIGTA determined to investigate and the specific evidence obtained by TIGTA that could potentially support these allegations. (Docket no. 15-7 ¶ 14; docket no. 21 at 10-11.) Indeed, the Court recognizes that where, like here, the identity of the employee subject to investigation is already known to the requester and was publicly revealed in the FOIA request, the mere redaction of the employee's name and other identifying information from the investigation file would be a pointless exercise, as the employee still has a privacy interest in avoiding disclosure of the details of the investigation, his misconduct, and his punishment. *See Hunt*, 972 F.2d at 288; *Kimberlin*, 139 F.3d 949. Nevertheless, TIGTA's conclusory statement that none of the information in the entire file is segregable is unconvincing and insufficient to satisfy TIGTA's burden with respect to showing non-segregability of the withheld records. It is therefore recommended that TIGTA's Motion for Summary Judgment be denied without prejudice on segregability grounds and that TIGTA be directed to produce a Vaughn index that describes each of the documents withheld and the reasons why those documents are non-segregable in sufficient detail to allow the court to make an independent assessment of its claims of non-segregability.

5.    *Plaintiff's Privacy Act Claims*

Defendant IRS and TIGTA move in their Motion for Summary Judgment for dismissal of the claims Plaintiff has brought against them under the Privacy Act of 1974, 5 U.S.C. § 552a. (Docket no. 15 at 21-22.) Plaintiff has not responded to this portion of the Motion for Summary Judgment. The Privacy Act protects the "'privacy of individuals identified in information systems maintained by Federal agencies'" by regulating the "'collection, maintenance, use, and

22

dissemination of information by such agencies.'" *Doe v. Chao*, 540 U.S. 614, 618 (2004) (quoting Privacy Act of 1974, § 2(a)(5), 88 Stat. 1896). The Act requires each federal agency that maintains a system of records to allow an individual, upon request, "to gain access to his record or to any information pertaining to him which is contained in the system, . . . to review the record and have a copy made of all or any portion thereof." 5 U.S.C. § 552a(d)(1). The Act also provides a civil remedy to individuals when an agency refuses to comply with a request made under subsection (d)(1). 5 U.S.C. § 552a(g)(1)(B).

TIGTA asserts that it has no record of receiving a request from Plaintiff under the Privacy Act. (Docket no. 15 at 21.) Defendant IRS asserts that it did receive a request for records from Plaintiff under the Privacy Act, but she failed to exhaust her administrative remedies before filing suit by failing to comply with agency regulations in framing her Privacy Act requests. (*Id.*) As the IRS and TIGTA have pointed out, where, like here, a plaintiff files a Privacy Act claim, but has failed to make a proper Privacy Act request, courts will dismiss the claim on the basis that the plaintiff failed to exhaust her administrative remedies. (*See id.* at 21-22 (citing *Taylor v. U.S. Treasury Dept.*, 127 F.3d 470, 477 (5th Cir. 1998); *Macleod v. I.R.S.,* No. 99CV1088 BTM (JFS), 2001 WL 846487, at *1 (S.D. Cal. June 4, 2001); *Reeves v. United States*, No. CV-S-94-1291-DFL-PAN, 1994 WL 782235, at *3 (E.D. Cal. Nov. 16, 1994), *aff'd*, 108 F.3d 338 (9th Cir. 1997); and *Lilienthal v. Parks*, 574 F. Supp. 14, 18 (E.D. Ark. 1983)).) For this reason, and for the fact that this portion of the IRS and TIGTA's Motion is unopposed by Plaintiff, the Motion should be granted in this regard, and Plaintiff's Privacy Act claims should be dismissed.

### D.    Conclusion

For the above-stated reasons, TIGTA should be substituted for the Department of the Treasury as the proper defendant in this action.  Should the court accept this recommendation, it should then **GRANT IN PART** and **DENY IN PART** the Motion for Summary Judgment filed by Defendant IRS and TIGTA (docket no. 15) as follows:

1. Plaintiff's FOIA claim against Defendant IRS should be dismissed as moot, and Defendant IRS's Motion for Summary Judgment should therefore be DENIED in this regard.  If and when this recommendation is adopted, it is also recommended that Plaintiff be permitted to file a motion for attorney's fees and costs against Defendant IRS pursuant to 5 U.S.C. 552(a)(4), if she so chooses;

2. TIGTA's Motion for Summary Judgment on Plaintiff's FOIA claim should be GRANTED with regard to the issue of whether the information was properly exempted from disclosure under Exemption 7(C);

3. TIGTA's Motion for Summary Judgment on Plaintiff's FOIA claim should be DENIED without prejudice on segregability grounds, and TIGTA should be directed to produce a Vaughn index that describes each of the documents withheld and the reasons why those documents are non-segregable in sufficient detail to allow the court to make an independent assessment of its claims of non-segregability; and

4. Defendant IRS and TIGTA's Motion for Summary Judgment on Plaintiff's Privacy Act claims should be GRANTED, and Plaintiff's Privacy Act claims should be dismissed.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  December 18, 2017          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  December 18, 2017          s/ Leanne Hosking
                                   Case Manager