UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI C. HOHMAN,

    Plaintiff,

v.

Case No. 16-13282
District Judge Victoria A. Roberts

INTERNAL REVENUE SERVICE, ET AL.,

    Defendants.

_____/

# ORDER DENYING PLAINTIFF'S MOTION
# FOR ATTORNEY'S FEES AND COSTS (Doc. # 27)

**I.    Introduction and Background**

Plaintiff Jodi C. Hohman ("Hohman") submitted a request to the Internal Revenue Service ("IRS") for release of records under the Freedom of Information Act ("FOIA") on July 26, 2016. On August 1, 2016, the IRS assigned Disclosure Specialist Jeremy Woods to process the request.

By letter dated August 23, 2016, Mr. Woods informed Hohman that he was unable to process her request within the 20 business-day period provided for by law. He invoked the statutory ten-day extension, bringing the response deadline to September 7, 2016. In the same letter, Mr. Woods notified Hohman that the IRS would be unable to meet the new deadline and anticipated being able to provide a final response by October 7, 2016. The letter advised Hohman that if she did not agree to the extension beyond the statutory period she could file suit in the United States District Court after September 7, 2016.

Hohman filed suit on September 12, 2016 pursuant to 5 U.S.C. § 552.

During a December 8, 2016 status conference, counsel for the IRS informed the Court that the IRS could make its disclosures to Hohman by January 6, 2017. On December 14, 2016, the Court issued an order memorializing this date and providing that the IRS either make its disclosures by January 6th or attend a follow-up scheduling conference. The IRS produced the requested documents to Hohman by the January 6th deadline. The IRS subsequently moved for summary judgment. In response, Hohman agreed that the IRS produced the requested documents and stated that the proceedings against the IRS were over except that she planned to seek attorney's fees. The Court referred the motion to Magistrate Judge Mona K. Majzoub.

Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") recommending that the Court deny the IRS's motion for summary judgment as to Hohman's FOIA claim, finding that her FOIA claim should be dismissed as moot. Magistrate Judge Majzoub also recommended that Hohman be permitted to file a motion for attorney's fees and costs against the IRS pursuant to 5 U.S.C. § 552(a)(4) if the recommendation was adopted. The Court adopted the R&R.

On February 2, 2018, Hohman field a motion for attorney's fees [Doc. 27]. It is fully briefed.

For the reasons below, Hohman's motion for attorney's fees and costs is **DENIED**.

II.     **Standard of Review**

The FOIA permits courts to assess reasonable attorney fees and litigation costs against the United States where the plaintiff has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A FOIA plaintiff "substantially prevails" if it "obtain[s] relief through either

2

. . . [1] a judicial order, or an enforceable written agreement or consent decree; or [2] a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). Courts apply a two-part test in determining whether an award of fees is appropriate. *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998). First, the Court must determine whether a litigant has substantially prevailed and is thus "eligible" for attorney fees. *Id.* A court order is not necessary for a litigant to have substantially prevailed "if it demonstrates that the prosecution of the lawsuit was reasonably necessary to obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information." *Id.* at 451-452.

Second, if a FOIA plaintiff is "eligible" for fees, the Court must determine whether the plaintiff is "entitled" to such an award based upon a balancing of equitable considerations. *GMRI*, 149 F.3d at 451. Courts consider the following factors in determining whether a FOIA plaintiff is entitled to fees and costs: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant and the nature of its interest in the records; and (3) whether the agency's withholding had a reasonable basis in law." *Id.* at 452 (*quoting Detroit Free Press, Inc. v. Dep't of Justice*, 73 F.3d 93, 98 (6th Cir. 1996)). Whether a prevailing party is entitled to attorney fees lies within the sound discretion of the Court. *GMRI*, 149 F.3d at 452.

### III. Analysis

The Court denies Hohman's motion for attorney's fees and costs because she has not substantially prevailed in this litigation.

Hohman argues that she substantially prevailed within the meaning of 5 U.S.C. § 522(a)(4)(E)(i) because she obtained relief through a judicial order and is therefore

3

eligible for the award of attorney's fees and costs. The IRS disagrees; it says filing the complaint did not cause the release of records. The Court agrees with the IRS; Hohman did not substantially prevail because the filing of the complaint was not reasonably necessary to obtain the requested records. And the lawsuit did not have "a causative effect" on the release of the requested records. *See GMRI,* 149 F.3d at 451-52.

The record shows that the IRS was diligently processing Hohman's request before she filed the complaint. A disclosure specialist began processing Hohman's request within a week of receipt. The IRS notified Hohman that it needed more time to locate responsive records and process her request. Moreover, contrary to Hohman's argument, the letter clearly indicated that the IRS was not denying the request. Rather, the IRS said it needed additional time because of the size of Hohman's request. This does not justify an award of attorney's fees. *See Terris, Pravlik & Millian, LLP v. Medicare & Medicaid IRS*, 794 F. Supp. 2d 29, 38 (D.D.C. 2011) ("if the government's assertion for any delay is slowness of the FOIA process despite its due diligence, disclosure after the lawsuit is filed, even if long delayed, will not in itself justify the award of fees").

Additionally, Hohman does not substantially prevail because of this Court's December 14, 2016 order. That order simply memorialized a representation made by the IRS's counsel that it could produce the documents by January 6, 2017. That order was not a decision on the merits. If the IRS had declined to produce documents by January 6, 2017, the Court would have required the parties to brief the merits of the case before requiring the IRS to disclose all responsive documents.

## IV. Conclusion

Hohman fails to prove that she "substantially prevailed" and is eligible for attorney fees. The Court **DENIES** her motion for attorney's fees and costs.

**IT IS ORDERED**.

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: 5/16/18